Florindo Capuano  
vs.            Eq. No. 12157.  
Frank T. Boghosian, Ex'r

March 22, 1934.

BAKER, P. J. Heard on demurrer to the bill.

In this case the complainant alleges in substance that he was the beneficiary under a certain policy on the life of one Filomeno Disano and had the possession of the policy at all times since it was issued, and that he has paid all premiums. He then alleges that the insured came to his death by accident and that he, the complainant, delivered the proof of death and the policy to the insurance company. It is then claimed that the insurance company paid the respondent as executor of the estate of the deceased instead of paying complainant. He prays that the respondent may be enjoined from paying out any of the money received from the policy in question; that he be declared to be a trustee of said fund for the benefit of the complainant and that the said respondent be directed to account to the complainant for all moneys received under the policy and to pay the same to him.

To this bill the respondent demurs on the ground that the complainant has a complete and adequate remedy at law.

The respondent argues that the complainant should proceed by filing his claim against the estate in the probate Court and then take whatever necessary steps may follow.

After giving this question serious consideration, the Court is of the opinion that the complainant's remedy at law is not adequate. In the first place, it is very possible that there may be other creditors of the deceased. The question might arise as to whether the complainant, if he can maintain his position, will have to share with them the proceeds of the policy. Secondly, the bill seeks to establish a trust and this is a well recognized and well established jurisdiction of a Court of equity.

The complainant, having alleged that he was the beneficiary under the policy, that he at all times had possession of the policy and that he has paid all the premiums thereon, would seem to at least establish a prima facie case on the bill. It has been held that payment to one to whom the policy permits payment, while it protects the insurance company against further liability, does not of itself make the

money the property of that person or affect the rights of rival claimants between themselves, or make any change in the original contract of insurance.

> Couch on Insurance, Vol. 2, Sec. 311 A.

It is obvious from the arguments on this demurrer and from the briefs filed, that a serious question may be raised as to who was the actual beneficiary under the policy. Unquestionably, this will require an examination of the policy, which, of course, constituted the contract between the parties, and also will involve the taking of testimony. This situation is not now before the Court on demurrer.

The complainant has alleged in his bill that he is the beneficiary and for the purposes of this hearing the Court must accept that allegation as true.

The demurrer is overruled.

For complainant: Florie De Simone.

For respondents: Jasper Rustigian, Harlow & Boudreau.